UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-00424-SRC |
| ) | |
| AMEREN ELECTRIC and AMEREN ) | |
| ELECTRIC FINANCIAL HOLDINGS, ) | |
| ) | |
| Defendants. ) | |

**Memorandum and Order**

Sidney Keys, Sr. sues Ameren Electric and Ameren Electric Financial Holdings (collectively "Ameren"). He claims that Ameren overcharged him and violated his civil rights, and he moves for leave to proceed *in forma pauperis*. Upon review of the motion, the Court waives the filing fee and grants Keys's Application to Proceed in District Court without Prepaying Fees or Costs, doc. 3. But the Court finds that the complaint, to the extent that it alleges claims under federal law, fails to state a claim upon which relief may be granted. To the extent that the complaint alleges claims under state law, the Court lacks subject-matter jurisdiction to hear the claims. The Court accordingly dismisses Keys's complaint without prejudice.

**I.     Background**

Keys has filed numerous meritless lawsuits in this Court. *See, e.g.*, Memorandum and Order at 2,[1] *Keys v. Maryland Heights Police Dep't*, No. 4:10-cv-00733-CAS (E.D. Mo. Apr. 30, 2010), doc. 5 (holding that Keys's lawsuit was "legally frivolous"); Memorandum and Order at 3, *Keys v. FBI St. Louis*, No: 4:11-cv-00879-RWS (E.D. Mo. May 26, 2011), doc. 7 (holding that

---

[1] The Court cites to page numbers as assigned by CM/ECF.

Keys's complaint was "frivolous"); Memorandum and Order at 2, *Keys v. Missouri*, No. 4:13-cv-00077-JAR (E.D. Mo. Jan. 17, 2013), doc. 3 ("The Court finds the asserted federal claims in the complaint to be patently meritless."); Memorandum and Order at 2, *Keys v. State of Mo.*, No. 4:13-cv-00361-ERW (E.D. Mo. Mar. 5, 2013), doc. 3 (holding Keys's claims to be "patently meritless"); Memorandum and Order at 3, *Keys v. USAA Ins. Co.*, No. 4:23-cv-00749-RWS (E.D. Mo. Aug. 3, 2023), doc. 4 (dismissing Keys's complaint for failure to state a claim); Opinion, Memorandum and Order at 4, *Keys v. CEO Jiffy Lube*, No. 4:24-cv-00323-HEA (E.D. Mo. Apr. 4, 2024), doc. 9 (dismissing Keys's complaint for failure to state a claim); Memorandum and Order at 3, *Keys v. Walmart Corp.*, No. 4:24-cv-00322-RWS, doc. 4 (dismissing Keys's complaint for failure to state a claim). Here, Keys claims that Ameren overcharged him $13 in March 2025. Doc. 1 at 5. He claims that this Court has federal-question jurisdiction because this case involves "CIVIL RIGHTS, EMBELZEMENT [sic], FRAUD, PRICE GUAGING [sic] AND HARASSMENT BY AMEREN ELECTRIC." *Id.* at 3.

Where the form complaint requires Keys to state the facts that support his claims, Keys writes:  "AMEREN ELECTRIC SAID THAT I USED $13.00 ON LAUNDRY AND I DO NOT OWN NOR HAVE A WASHER AND DRYER." *Id.* at 5. Where the form complaint requires Keys to state the relief he seeks, Keys asks for appointed counsel and a jury trial. *Id.*  In the amount-in-controversy section of the form complaint, Keys writes:  "WHATEVER THE JURY AWARDS." *Id.* at 4.

Keys attaches various documents to the complaint. One is an annotated copy of the Order of Dismissal in *Keys v. Ameren Electric & Financial Holding,* No. 4:25-cv-00337-PLC (E.D. Mo. Mar. 19, 2025).  Doc. 1-3 at 4. In that case, Keys claimed that he suffered racial discrimination in 2005 or 2008.  *See* Civil Complaint at 5, *Keys v. Ameren Elec.*, No. 4:25-cv-

00337-PLC (E.D. Mo. Mar. 17, 2025), doc. 1.  The Honorable John A. Ross dismissed that case pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See* Memorandum and Order at 4–5, *Keys v. Ameren Elec.*, No. 4:25-cv-00337-PLC (E.D. Mo. Mar. 19, 2025), doc. 4.  In the instant exhibit, Keys annotates the dismissal order with the words "TO THE DIRECTOR OF THE LAS VEGAS FBI" and what appear to be complaints about the dismissal.  Doc. 1-3 at 4.

Another document is an apparent screenshot of texts from Ameren about potential disconnection.  *Id.* at 3.  The screenshots show no date, and Keys does not explain their relevance.  *See id.*  Another document is an email bill summary from Ameren listing energy use by appliance.  *Id.* at 5–6.  It shows $13 for "Laundry" and $172 for "Other."  *Id.*  On the document, Keys wrote: "I DO NOT HAVE A WASHE[R] OR DRYER" and "WHAT IS 'OTHER' CURRUPTION [sic] BY AMEREN ELECTRIC."  *Id.*

Keys does not allege that he interacted with Ameren about the $13 charge or any other charge.  *See* doc. 1.  He does not allege that Ameren ever disconnected his service.  *See id.*

**II.    Standard**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented person's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III.    Discussion

Keys claims that Ameren overcharged him $13 in March of 2025. Doc. 1 at 5. He indicates that he brings civil-rights claims, but he fails to allege a violation of his federally protected rights, as necessary to state a claim under 42 U.S.C. § 1983 or under any other federal

civil-rights statute. *See, e.g.*, *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . ." (alteration in original) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Keys also references embezzlement, fraud, price gouging and harassment, but he alleges no facts that can be construed as asserting a cause of action under federal law. Having reviewed and liberally construed Keys's complaint, the Court finds that, to the extent that it asserts any claims under federal law, it fails to state a claim upon which relief may be granted. Thus, the Court must dismiss the federal-law claims pursuant to 28 U.S.C. § 1915(e)(2).

To the extent that the Court can construe Keys's complaint as alleging claims under state law, the Court lacks subject-matter jurisdiction to hear the claims. Indeed, Keys lists Missouri addresses for both himself and Ameren, *see* doc. 1 at 2–3, so it appears that diversity of citizenship between the parties does not exist, *see* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."); 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

And the amount in controversy does not come close to exceeding $75,000 because Keys complains, at most, of only two charges: one for $13 and one for $172. *See generally* doc. 1; doc. 1-3 at 5–6. Even if Keys could legally recover these amounts, Keys makes no allegation that he could recover more than these amounts. *See* doc. 1. And the Court is not aware of any basis on which he could recover the more than 400 times these amounts he'd need to exceed

$75,000. Thus, to the extent that Keys asserts state-law claims against Ameren, the Court dismisses those claims for lack of subject-matter jurisdiction. *See, e.g.*, *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987) (providing that a court must dismiss a suit for lack of subject-matter jurisdiction where "from the face of the pleadings it is apparent, to a legal certainty, that the plaintiff cannot recover" the jurisdictional amount in controversy (quoting *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938))).

### IV.   Conclusion

The Court grants Keys's [3] Application to Proceed in District Court without Prepaying Fees or Costs and dismisses Keys's federal-law claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2). To the extent that Keys asserts state-law claims, the Court dismisses those claims without prejudice for lack of subject-matter jurisdiction. The Court denies as moot Keys's [2] Motion for Appointment of Counsel. The Court finds that there would be no non-frivolous basis to argue that Keys's complaint states a valid claim for relief under federal law, and the Court finds that there would be no non-frivolous basis to argue that the Court has subject-matter jurisdiction over any state-law claims, so the Court certifies that an appeal of this dismissal would not be taken in good faith. A separate order of dismissal accompanies this Memorandum and Order.

So ordered this 20th day of May 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

6